UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

MARGARET ALFANO, on behalf of herself and all others　　:
similarly situated, and SHAAN KASTUAR, individually,　　: **Case No.: 18 Civ. 2558**
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　Plaintiffs,　　　　　:
　　　- against -　　　　　　　　　　　　　　　　　　: **CLASS AND**
　　　　　　　　　　　　　　　　　　　　　　　　　　　: **COLLECTIVE ACTION**
ZOCDOC, INC.,　　　　　　　　　　　　　　　　　　　: **COMPLAINT**
　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　Defendant.　　　　　:

------------------------------------------------------------------------ X

Plaintiffs Margaret Alfano (the "Class Representative"), on behalf of herself and all other

similarly situated, and Shaan Kastuar, individually (collectively "Plaintiffs"), by and through their

attorneys, Shulman Kessler LLP, complaining of the Defendant ZocDoc, Inc. ("Defendant"), allege as

follows:

## PRELIMINARY STATEMENT

1.　　　This lawsuit seeks to recover unpaid overtime compensation and other wages for

Plaintiffs and their similarly situated co-workers who have worked for Defendant and were

misclassified as exempt from overtime pay and paid nothing for their overtime hours worked.

2.　　　Plaintiffs bring this action seeking monetary damages and affirmative relief based upon

Defendant's violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §

201, *et seq.*, the New York Labor Law ("NYLL"), and other appropriate rules, regulations, statutes

and ordinances.

3.　　　Defendant operates a company within the State of New York.  Plaintiffs have been

employed by Defendant, at various points in time, as a Sales Origination Associate, Business

Origination Associate, Account Associate, Inbound Sales Associate, Inside Sales Associate and/or

Account Manager (collectively "inside salesperson"), at Defendant's New York, New York call

center office, where they called doctors and other providers to purchase Defendant's software.

4.      As inside salespersons, Plaintiffs and other similarly situated individuals regularly worked over 40 hours per week for Defendant, and were paid an annual salary between $35,000 to $60,000 plus commissions on sales.

5.      Accordingly, Defendant maintained a policy and practice whereby it failed to pay Plaintiffs overtime wages, by misclassifying its inside salesperson positions as exempt from the overtime pay in violation of the FLSA and NYLL.

6.      Accordingly, Plaintiffs are entitled to the unpaid overtime wages for all hours worked in excess of 40 each workweek.

7.      In *Chambers v. ZocDoc, Inc.*, Case No. 16 Civ. 3382 (D. Ariz.), Defendant was sued for identical collective action claims under the FLSA were brought against Defendant as those asserted in this Complaint.  The *Chambers* matter was settled on an opt-in basis, and none of the Plaintiffs in this lawsuit opted into the *Chambers* settlement.

8.      Upon information and belief, on approximately October 5, 2015, Defendant reclassified its inside salesperson positions to non-exempt positions and began to track the hours worked for individuals in these positions and pay overtime wages when more than 40 hours were worked ("Date of Reclassification").

9.      At all times prior to the Date of Reclassification, Defendant failed to keep payroll records showing the number of hours worked by Plaintiffs and other similarly situated individuals. Accordingly, Plaintiffs will provide a good faith based estimate of total hours worked, by among other things, Salesforce log-in and log-out time records, telephone records, and other means.

2

10.     Plaintiff Margaret Alfano brings this action on behalf of herself and all similarly situated current and former inside salespersons that worked for Defendant ZocDoc, Inc. pursuant to the FLSA.

11.     Plaintiff Margaret Alfano also seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this action, worked for Defendant ZocDoc, Inc. as inside salespersons and did not release their FLSA claims in the *Chambers'* settlement.

## JURISDICTION & VENUE

12.     Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

13.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

14.     At all times herein mentioned, Defendant ZocDoc, Inc. is a foreign corporation authorized to do business in the State of New York.

15.     Defendant ZocDoc, Inc. does business in the State of New York, within the Southern District of New York, maintaining its principle place of business at 568 Broadway, New York, New York 10012.

16.     Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### Plaintiff Margaret Alfano

17.     Plaintiff Margaret Alfano is a resident of the County of San Francisco, State of California.

18.     At all times relevant to the Complaint, Plaintiff Margaret Alfano was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

19.     At all times relevant, Plaintiff Margaret Alfano was employed by Defendant as an inside salesperson in New York, New York.

20.     Plaintiff Margaret Alfano expressed her consent to make these claims against Defendant ZocDoc, Inc. by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See* Exhibit A, annexed hereto).

### Plaintiff Shaan Kastuar

21.     Plaintiff Shaan Kastuar is a resident of the County of Middlesex, State of New Jersey.

22.     At all times relevant to the Complaint, Plaintiff Shaan Kastuar was an "employee" within the meaning of N.Y. Lab. Law § 190(2).

23.     At all times relevant, Plaintiff Shaan Kastuar was employed by Defendant as an inside salesperson in New York, New York.

### Defendant ZocDoc, Inc.

24.     Upon information and belief, Defendant ZocDoc, Inc. was and still is a foreign corporation authorized to do business in the State of New York.

25.     Upon information and belief, Defendant ZocDoc, Inc.'s principal place of business was and still is located at 568 Broadway, New York, New York, 10012.

26.    Upon information and belief, and at all times hereinafter mentioned, Defendant ZocDoc, Inc. was and still is information engaged in the business of selling scheduling software to doctors, provider practices, hospitals, clinics, and entire healthcare systems nationwide.

27.    Upon and belief, Defendant ZocDoc, Inc. was and still is doing business as ZocDoc.

28.    At all times hereinafter mentioned, the activities of Defendant ZocDoc, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

29.    At all relevant times, Defendant ZocDoc, Inc. maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including payroll and other employment practices that applied to them.

30.    At all times hereinafter mentioned, Defendant ZocDoc, Inc. employed employees, including Plaintiffs, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

31.    Defendant ZocDoc, Inc.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii) each year from in or about September 2014 through the present.

32.    At all times hereinafter mentioned, Defendant ZocDoc, Inc. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

## FLSA COLLECTIVE ACTION CLAIMS

33.     Plaintiff Margaret Alfano brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who work or have worked for Defendant ZocDoc, Inc. as an inside salesperson within the last 3 years and who elect to opt-in to this action and did not previously release their FLSA claims against Defendant.

34.     Upon information and belief, there are approximately more than 50 current and former inside salespersons that are similarly situated to Plaintiff Margaret Alfano who were denied overtime compensation.

35.     Plaintiff Margaret Alfano represents other inside salespersons, and is acting on behalf of Defendant ZocDoc, Inc.'s current and former inside salespersons' interests as well as her own interests in bringing this action.

36.     Defendant unlawfully required Plaintiff Margaret Alfano and other individuals employed as an inside salesperson to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least 1 and ½ times their regular hourly rate.

37.     Plaintiff Margaret Alfano seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following class of persons:

> All inside salespersons, or similarly situated position, who were employed by Defendant (hereinafter referred to as the "FLSA Collective") at any time during the 3 years prior to the filing of their respective consent forms through the Date of Reclassification (hereinafter referred to as the "Collective Period") and have not previously released their FLSA claims against Defendant.

38.     Defendant was aware or should have been aware that the law required it to pay its inside salespersons, including Plaintiff Margaret Alfano and the FLSA Collective an overtime

premium of 1 and ½ times their regular rate of pay for all work-hours Defendant suffered or permitted them to work in excess of 40 per workweek. Upon information and belief, Defendant applied the same unlawful policies and practices to all of its inside salespersons.

39.     The FLSA Collective is readily identifiable and locatable through the use of the Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant ZocDoc, Inc.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## CLASS ALLEGATIONS

40.     Plaintiff Margaret Alfano brings the Second and Third Causes of Action on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b) (hereinafter, the "Rule 23 Class"). The sub-classes of the Rule 23 Class are defined as:

  a.     All inside salespersons who were employed by Defendant in the state of New York and worked more than 40 hours per week, at any time during the 6 years prior to the filing of this Complaint until the Date of Reclassification (hereinafter referred to as the "NYLL Overtime Class").

  b.     All inside salespersons who Defendant employed in New York and hired at any time from April 9, 2011 through the present, and who were not provided the proper wage notice pursuant to N.Y. Lab. Law § 195(1) (hereinafter, the "Wage Notice Class").

  c.     All inside salespersons who Defendant employed in New York at any time from April 9, 2011 through the present, and who were not provided the proper wage statement pursuant to N.Y. Lab. Law § 195(3) (hereinafter, the "Wage Statement Class").

7

41. The members of the Rule 23 Class ("Rule 23 Class Members") are readily ascertainable. The number and identity of the Rule 23 Class Members are determinable from the Defendant's records. The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class Member are also determinable from Defendant's records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Rule 23.

42. The Rule 23 Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

43. Upon information and belief, there are over 100 individuals in the Rule 23 Class.

44. Plaintiff Margaret Alfano's claims are typical of those claims which could be alleged by any Rule 23 Class Member, and the relief sought is typical of the relief which would be sought by each Rule 23 Class Member in separate actions.

45. All Rule 23 Class Members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime, failing to provide proper wage statements, and failing to provide proper wage notices.

46. Plaintiff Margaret Alfano and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

47. Plaintiff Margaret Alfano and the Rule 23 Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected all Rule 23 Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Rule 23 Class Members.

8

48.     Plaintiff Margaret Alfano and other Rule 23 Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

49.     Plaintiff Margaret Alfano is able to fairly and adequately protect the interests of the Rule 23 Class Members and has no interests antagonistic to the Rule 23 Class Members.

50.     Plaintiff Margaret Alfano is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many employees in wage and hour class actions.

51.     A class is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporations. Class action treatment will permit a large number of similarly situated persons to protect their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual Rule 23 Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class Member to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual claims would result in a great expenditure and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual Rule 23 Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual Rule 23 Class Members, establishing incompatible standards of conduct for Defendant

9

and resulting in the impairment of the Rule 23 Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

52.     Upon information and belief, Defendant violated the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the statement of claim a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

53.     Plaintiff Margaret Alfano's claims are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

54.     The Second and Third Causes of Action are properly maintainable as a class action under Fed. R. Civ. Pro. 23(b)(3). There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

a.     whether Defendant failed to keep accurate time records for all hours worked by Plaintiff Margaret Alfano and the Rule 23 Class;

b.     whether Defendant properly classified Plaintiffs and the NYLL Overtime Class as exempt from overtime wages prior to the Date of Reclassification;

c.     what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

d.     whether Defendant failed to pay proper compensation to the Class Representative and the NYLL Overtime Class for all work-hours in excess of 40 per workweek in violation of and within the meaning of the N.Y. Lab. Law Article 6, §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142;

e.      whether since April 9, 2011, Defendant failed to furnish the Class Representative and Wage Statement Class with an accurate statement of, *inter alia*, wages, hours worked, and rates paid each workweek as required by N.Y. Lab. Law § 195;

f.      whether since April 9, 2011, Defendant failed to furnish the Class Representative and Wage Notice Class with a notice at the time of hiring required by N.Y. Lab. Law § 195;

g.      the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages sustained by the Class Representative and the Rule 23 Class;

h.      whether Defendant acted willfully or with reckless disregarding in its failure to pay the Plaintiffs and the Rule 23 Class; and

i.      the nature and extent of class-wide injury and the measure of damages for those injuries.

55.      Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate declaratory relief with respect to the class was a whole.

## CLASS-WIDE FACTUAL ALLEGATIONS

56.      Plaintiff Margaret Alfano and the members of the FLSA Collective and Rule 23 Class (collectively "Class Members") have been victims of Defendant's common policy and plan that violated their rights under the FLSA and NYLL by requiring inside salespersons to work in excess of 40 hours per week and denying them overtime compensation for all overtime hours worked. At all times relevant, Defendant's unlawful policy and pattern or practice has been willful.

57.      All of the work performed by the Class Members was assigned by Defendant and/or Defendant was aware of all the overtime work that Plaintiff Margaret Alfano and Class Members performed.

58.      Upon information and belief, Defendant had a policy and pattern or practice to require Plaintiff Margaret Alfano and the Class Members to work in excess of 40 hours per week.

59.      Defendant failed to pay Plaintiff Margaret Alfano and the Class Members time and one half for all hours worked over 40 in a workweek in violation of the FLSA and NYLL.

11

60.     Defendant failed to furnish Plaintiffs and the Class Members with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by NYLL.

61.     Defendant failed to furnish Plaintiffs and the Class Members with the annual notice required by NYLL.

62.     As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA.  Defendant's policy and pattern or practice includes but is not limited to:

a.      Willfully failing to pay its employees, including Plaintiff Margaret Alfano and the Class Members, overtime wages for all of the hours that they worked in excess of 40 per workweek;

b.      Willfully failing to record all of the time that its employees, including Plaintiffs and the Class Members, worked for the benefit of Defendant; and

c.      Willfully failing to keep payroll records.

63.     Defendant was or should have been aware that the FLSA and NYLL required it to pay their inside salespersons premium overtime pay for all hours worked in excess of 40 per week.

64.     Defendant's failure to pay Plaintiff Margaret Alfano and the Class Members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

65.     Defendant was or should have been aware of the FLSA and NYLL's record keeping requirements.

66.     Defendant's failure to comply with the FLSA and NYLL's record keeping requirements was willful, intentional, and in bad faith.

67.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

## INDIVIDUAL FACTUAL ALLEGATIONS

*Plaintiff Margaret Alfano*

68.     Plaintiff Margaret Alfano was employed by Defendant from in or about December 2013 through July 2017.

69.     Plaintiff Margaret Alfano was an employee of Defendant working under its direct supervision.

70.     For all workweeks during her employment with Defendant prior to the Date of Reclassification, Plaintiff Margaret Alfano was required to be paid overtime pay by Defendant at the statutory rate of 1 and 1/2 times, her regular rate of pay after she had worked 40 hours in a workweek.

71.     During most workweeks from approximately December 2013 through April 2014, while employed as a sales origination associate for Defendant, Plaintiff Margaret Alfano worked approximately 60 hours per week.

72.     During most workweeks from approximately April 2014 through the Date of Reclassification, while employed as an inside sales executive for Defendant, Plaintiff Margaret Alfano worked approximately 60 hours per week.

73.     Defendant failed to compensate Plaintiff Margaret Alfano for time worked in excess of 40 hours per week at a rate of at least 1 and 1/2 times her regular hourly rate for all workweeks during her employment prior to the Date of Reclassification.

74.     Defendant failed to furnish Plaintiff Margaret Alfano with a wage notice in 2013 and 2014 as was required by the NYLL.

13

75.     Defendant failed to furnish Plaintiff Margaret Alfano with an accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid for all workweeks during her employment with Defendant prior to the Date of Reclassification.

76.     Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiff Margaret Alfano for all workweeks during her employment with Defendant prior to the Date of Reclassification.

**Plaintiff Shaan Kastuar**

77.     Plaintiff Shaan Kastuar was employed by Defendant from in or about November 2013 through August 2014.

78.     Plaintiff Shaan Kastuar was an employee of Defendant working under its direct supervision.

79.     At all times hereinafter mentioned, Plaintiff Shaan Kastuar was required to be paid overtime pay by Defendant at the statutory rate of 1 and 1/2 times, his regular rate of pay after he had worked 40 hours in a workweek.

80.     During most workweeks from approximately November 2013 through May 2014, while employed as a sales origination associate for Defendant, Plaintiff Shaan Kastuar worked approximately 60 hours per week.

81.     During most workweeks from approximately May 2014 through August 2014, while employed as an inside sales executive for Defendant, Plaintiff Shaan Kastuar worked approximately 60 hours per week.

82.     Defendant failed to compensate Plaintiff Shaan Kastuar for time worked in excess of 40 hours per week at a rate of at least 1 and 1/2 times his regular hourly rate between approximately

14

November 2013 and August 2014.

83.     Defendant failed to furnish Plaintiff Shaan Kastuar with a wage notice in 2013 and 2014 as was required by the NYLL.

84.     Defendant failed to furnish Plaintiff Shaan Kastuar with an accurate statements of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid throughout his employment for Defendant each workweek.

85.     Upon information and belief, Defendant did not keep accurate records of hours worked by Plaintiff Shaan Kastuar.

**FIRST CAUSE OF ACTION**
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiff Margaret Alfano and the FLSA Collective)**

86.     Plaintiff Margaret Alfano realleges and incorporates by reference all allegations in all preceding paragraphs.

87.     Defendant employed Plaintiff Margaret Alfano and the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiff Margaret Alfano and the FLSA Collective for the time worked in excess of 40 hours per week, at a rate of at least 1 and 1/2 times the regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

88.     The complete records concerning the number of days and hours worked by Plaintiff Margaret Alfano and the FLSA Collective are in the exclusive possession and control of Defendant, and as such, Plaintiff Alfano is unable to state at this time the exact amount due and owing to her.

89.     Plaintiff Margaret Alfano has expressed her consent to make these claims against Defendant ZocDoc, Inc. by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (*See*

Exhibit "A," annexed hereto).

90.     As a consequence of the willful underpayment of wages, alleged above, Plaintiff Margaret Alfano and the FLSA Collective have incurred damages thereby and Defendant is indebted to them in the amount of the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime**
**(Brought on behalf of Plaintiffs**
**and the members of the NY Overtime Class)**

91.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

92.     Defendant employed Plaintiffs and the NYLL Overtime Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for the time worked in excess of 40 hours per week, at a rate of at least 1 and 1/2 times the regular hourly rate, in violation of the requirements of the NYLL.

93.     By the course of conduct set forth above, Defendant violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. § 142-2.2.

94.     Defendant had a policy and practice of refusing to pay overtime compensation to Plaintiffs and the NYLL Overtime Class for all workweeks prior to the Date of Reclassification

95.     Defendant's failure to pay overtime compensation to Plaintiffs and the NYLL Overtime Class was willful within the meaning of N.Y. Lab. Law § 663.

96.     As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and the NYLL Overtime Class have incurred damages thereby and Defendant is indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to

Defendant's unlawful and willful conduct, as the Court deems just and proper.

97.     Plaintiffs and the NYLL Overtime Class seek recovery of liquidated damages, attorneys' fees and costs to be paid by the Defendant as provided by the NYLL.

### THIRD CAUSE OF ACTION
### NYLL – Notice and Record-Keeping Requirement Violation
### (Brought on behalf of Plaintiffs and the Wage Notice and Wage Statement Classes)

98.     Plaintiffs, on behalf of themselves and the Wage Notice and Wage Statement Classes, reallege and incorporate by reference all allegations in all preceding paragraphs

99.     Defendant failed to supply Plaintiffs and the members of the Wage Notice Class notice as required by N.Y. Lab. Law  § 195, in English or in the language identified by each Plaintiff and the members of the Wage Notice Class as their primary language, containing Plaintiffs' and the members of the Wage Notice Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

100.    Defendant failed to supply Plaintiffs and members of the Wage Statement Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay

if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

101.    Due to Defendant's violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage notice at the time of hiring from April 9, 2011 through February 26, 2015, Plaintiffs and members of the Wage Notice Class are each entitled to damages of $50, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

102.    Due to Defendant's violations of N.Y. Lab. Law § 195, for each day that Defendant failed to provide a proper wage notice at the time of hiring from February 26, 2015 through the Date of Reclassification, Plaintiffs and members of the Wage Notice Class are each entitled to damages of $50, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

103.    Due to Defendant's violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiffs and members of the Wage Statement Class are each entitled to damages of $100, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

104.    Due to Defendant's violations of N.Y. Lab. Law § 195, for each work day that Defendant failed to provide a proper wage statement from February 26, 2015 through the Date of Reclassification, Plaintiffs and members of the Wage Statement Class are each entitled to damages of $250, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

**WHEREFORE**, Plaintiff Margaret Alfano, on behalf of herself and all others similarly situated, and Shaan Kastuar, individually, seek for the following relief:

A.      That, at the earliest possible time, Plaintiff Margaret Alfano be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who were employed by Defendant, or have at any time during the 3 years immediately preceding the filing of this suit, up through and including the Date of Reclassification, been employed by Defendant as an inside salespersons, or similarly situated positions.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations from Defendant;

C.      Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D.      Statutory damages for Defendant's violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195, reasonable attorneys' fees, costs and injunctive and declaratory relief as provided by N.Y. Lab. Law § 198;

E.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F.      Designation of Plaintiff Margaret Alfano as the representative of the Rule 23 Class, and counsel of record as Class Counsel;

G.      Pre-judgment interest and post-judgment interest as provided by law;

H.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

I.      Attorneys' fees and costs of the action;

J.      Issuance of a declaratory judgment that the practices complained of in this action are

unlawful under N.Y. Lab. Law § 190 *et seq.*;

K.      Appropriate monetary relief for lost wages, as provided for by FLSA § 216(b) and

NYLL § 215(d);

L.      Liquidated damages relating to lost wages, as provided for by FLSA § 216(b) and

NYLL § 215(d);

M.      Reasonable incentive awards for Plaintiffs to compensate them for the time they spent

attempting to recover wages for the Class and for the risks they took in doing so; and

N.      Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
        March 22, 2018

                                        Respectfully submitted,

                                        By:     */s/ Marijana Matura*
                                                Marijana Matura

                                        **SHULMAN KESSLER LLP**
                                        Troy L. Kessler
                                        Marijana Matura
                                        534 Broadhollow Road, Suite 275
                                        Melville, New York 11747
                                        Telephone: (631) 499-9100

                                        *Attorneys for Plaintiffs and the Putative*
                                        *FLSA Collective and Rule 23 Classes*

20